UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:13-cr-00269-LDG-GWF |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| ENRIQUE IVAN ROCHA, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on Defendant's Motion for Discovery (#19), filed on February 11, 2014. The Government filed its Opposition to Defendant's Motion for Discovery (#21) on February 25, 2014. Defendant filed his Reply to the Government's Response (#22) on March 3, 2014. The Court conducted a hearing in this matter on March 19, 2014.

**FACTUAL BACKGROUND**

The indictment in this case charges Defendant Enrique Rocha with using a facility of interstate commerce to knowingly persuade, induce, and entice, and to attempt to knowingly persuade, induce and entice an individual who has not attained the age of 18 years to engage in any sexual activity for which any person can be charged with a criminal offense under federal, state or local law, in violation of 18 U.S.C. § 2422(b). The indictment is based on the allegations set forth in the Application and Affidavit for Search Warrant prepared by Detective Wayne Nichols of the Henderson, Nevada Police Department on June 4, 2013. *Defendant's Motion (#19), Exhibit A.*

As part of his duties, Detective Nichols is assigned to investigate computer crimes, including crimes involving child sexual abuse, child pornography, and internet crimes against children. On May 22, 2013, Detective Nichols, posing as a fourteen year-old female, initiated

email contact with Defendant Rocha who had allegedly posted a "casual encounter" advertisement on Craigslist.com stating that he was looking to meet a female for sexual contact. The advertisement was titled "Looking for any type girl ASAP." The advertisement included the Defendant's telephone number and stated "that he was open to anyone." *Exhibit A*, pg. 00122. Detective Nichols responded to the Craigslist advertisement from an email account that was created specifically for undercover operations. In the first email he sent to Defendant, Detective Nichols asked Defendant if he was interested in someone a lot younger. Defendant responded by asking how much younger and if the person had a picture. Detective Nichols stated that he was a 14 year old female. The Defendant responded to this information with "his concern of me being 'illegal' and his concern of being involved with a law enforcement operation." *Id.*

Defendant requested the female's phone number, and he and Detective Nichols thereafter exchanged text messages by phone. Defendant also asked to speak with the female on the phone so that he could hear her voice. After additional text messages, Detective Nichols arranged to speak with the Defendant by telephone on May 22, 2013 using a voice modification device to make his voice sound like a juvenile female. Detective Nichols was unable to activate his external recording device, so there is no recording of the telephone conversation. *Id.,* pg. 00123. Detective Nichols described this telephone conversation in his affidavit as follows:

> The male subject answered and we communicated for approximately 7 minutes. During the phone call, the subject asked numerous times if I was really 14, to which I stated yes. He also stated his concern that he could be involved in a law enforcement operation. When asked of my name, I advised him my name was Samantha. He claimed his name was "Vans". The subject also asked if I would be able to text him, to which I expressed that was my preferred method of communication, citing my aunt and my fear that she would hear me communicating on the phone. Before hanging up, the subject made clear that he was interested and was going to text me.

*Exhibit A*, pg. 00123.

All subsequent communications between Detective Nichols and Defendant occurred by text message. Defendant requested a photograph of the female and Detective Nichols, in return, requested a photograph of the Defendant. Defendant sent photographs of himself to Detective Nichols by text message. Detective Nichols sent Defendant forensically regressed images of a

2

female police officer to make her appear to be a fourteen year old female. *Id.*

Detective Nichols subsequently agreed to meet Defendant in the parking lot of a Subway Sandwich shop which "she" stated was near "her" residence. After Defendant did not appear at the initial rendevous on May 24, 2013, the two agreed to meet on the evening of May 25, 2013. Defendant sent a text message to Detective Nichols at 9:52 p.m. stating that he had arrived at the meeting location. Detective Nichols asked Defendant to send him a photograph to prove he was at the location. The Defendant did so. Through examination of the photograph and the digital data associated with the photograph, the police were able to determine that Defendant was at the intended meeting location. The Defendant also called Detective Nichols's undercover phone number several times during the time he stated he was at the meeting location. Detective Nichols responded to Defendant's text message by advising that he was unable to sneak out of his house. *Id.*, pg. 00126. The police subsequently obtained a search warrant for Defendant's residence. Defendant arrived home during the execution of the warrant. He was read his *Miranda* rights and agreed to speak to the police. Defendant allegedly admitted his participation in the foregoing conduct. *Id.*

Defendant has raised entrapment as a defense. Defendant argues that the initial Craigslist advertisement stated only that he was "[l]ooking for any type girl" and that it was Detective Nichols who implanted the idea of Defendant seeking sexual relations with a fourteen year-old female by posing as such in his undercover response to the advertisement. Defendant argues that Detective Nichols made statements and engaged in techniques that sought to overcome Defendant's concerns about engaging in the proposed contact. The Government argues, however, that Defendant was made aware at the outset that the female he believed he was communicating with was fourteen years old, and that Defendant made clear during the text message exchanges that he desired to engage in sexual activity with the female, and pursued that activity by going to the proposed meeting location.

Defendant moves the Court pursuant to Rule 16(a)(1)(E)(i) of the Federal Rules of Criminal Procedure for an order requiring the Government to produce copies of recorded communications and messages (i.e., emails, text messages, sms messages, etc.) between Defendant Wayne Nichols

and other subjects in his undercover operations regarding coercion and enticement of minors for sexual activity, and other similar state, local and/or federal crimes, that have occurred in the last three years. Alternatively, if the Government contends that the requested records are not in its possession, custody or control, Defendant requests leave to serve a subpoena duces tecum on the Custodian of Records of the Henderson Police Department to obtain the records.

## DISCUSSION

Rule 16(a)(1)(E)(i) of the Federal Rules of Criminal Procedure states that upon request by a defendant, the government must permit the defendant to inspect and to copy documents or other items, if the item is within the government's possession, custody or control, and the item is material to preparing the defense. To obtain discovery under Rule 16, the Defendant must make a prima facie showing of materiality. *United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990), citing *United States v. Little*, 753 F.2d 1420, 1445 (9th Cir. 1984) and *United States v. Cadet*, 727 F.2d 1453, 1468 (9th Cir. 1984). "Neither a general description of the information sought nor conclusory allegations of materiality suffice; a defendant must present facts which would tend to show that the Government is in possession of information helpful to the defense." *Id. See also United States v. Santiago*, 46 F.3d 885, 894-95 (9th Cir. 1995) and *United States v. Stone*, 2013 WL 4541513,*2 (E.D.Ca. 2013).

Defendant argues that recorded communications and messages between Detective Nichols and other suspects in "undercover operations regarding coercion and enticement of minors for sexual activity" are relevant and material because "the requested documents would support evidence that Det. Nichols knows how to manipulate similarly situated subjects to entrap those subjects into committing crimes such as violations of 18 U.S.C. § 2422(b)." Defendant argues that such evidence is admissible pursuant to Rule 404(b) of the Federal Rules of Evidence. The Government does not concede that the requested records are in its possession, custody or control. It opposes the production of the records under either Rule 16(a)(1)(E)(i) or Rule 17, however, on the grounds that they are irrelevant and immaterial.

When a defendant asserts an entrapment defense, the government must prove beyond a reasonable doubt that he was not entrapped by showing "(1) the defendant was predisposed to

commit the crime before being contacted by government agents; or (2) the defendant was not induced by government agents to commit the crime." *United States v. Mejia*, 559 F.3d 1113, 1116 (9th Cir. 2009), quoting 9th Cir.Crim. Jury Instr. 6.2 (2003) and *United States v. Jones*, 231 F.3d 508, 516 (9th Cir. 2000). "Inducement can be any government conduct creating a substantial risk that an otherwise law-abiding citizen would commit an offense, including persuasion, fraudulent representations, threats, coercive tactics, harassment, promises of reward, or pleas based on need, sympathy or friendship." *United States v. Poehlman*, 217 F.3d 692, 698 (9th Cir. 2000), quoting *United States v. Davis*, 36 F.3d 1424, 1430 (9th Cir. 1994).

      The element of predisposition focuses on the defendant's state of mind before the government agents suggest that he commit the crime. *Poehlman*, 217 F.3d at 703. Inducement focuses on the government's actions. *United States v. La Rizza*, 72 F.3d 775, 778 (9th Cir. 1995). *Poehlman* notes that while the cases treat inducement and predisposition as separate inquiries, the two are obviously related. If a defendant is predisposed to commit the offense, he will require little or no inducement to do so. Conversely, if the government must work hard to induce a defendant to commit an offense, then it is far less likely he was predisposed. *Id.*, 217 F.3d at 698. *See also United States v. Myers*, 575 F.3d 801, 805 (8th Cir. 2009) (involving facts similar to those alleged in this case).

      Rule 404(b)(1) of the Federal Rules of Evidence states that evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. Subsection (b)(2) of the rule states, however, that "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge identity, absence of mistake or lack of accident. Such evidence, for example, may be admitted to show that the defendant had the state of mind or predisposition to commit the charged offense. *See United States v. Curtin*, 489 F.3d 935 (9th Cir. 2007) (defendant's possession of stories relating to sexual activity between adult males and minor females was admissible to show his intent to meet a minor female for sexual activity).

      The state of mind of the government agents, however, is irrelevant to whether the entrapment defense applies. "[I]t is not the state of mind of the government agent that is important;

. . . it is the 'predisposition of the defendant' to commit the offense . . . that counts." *United States v. Makhlouta*, 790 F.2d 1400, 1402 (9th Cir. 1986); *United States v. McClain*, 531 F.2d 431, 435 (9th Cir.), *cert. denied*, 429 U.S. 423, 327, 97 S.Ct. 102 (1976). Assuming, for sake of argument, that Detective Nichols engaged in conduct in other investigations that induced individuals to commit crimes that they were not predisposed to commit, such evidence would not prove or tend to prove that Defendant Rocha was induced to commit a crime that he was not otherwise predisposed to commit.

With the exception of the seven minute telephone call, all of the communications between Defendant Rocha and Detective Nichols were by email or telephone text messages. The jury can evaluate these communications in determining the extent to which Defendant Rocha was or was not predisposed to engage in sexual activities with a fourteen year old female. The jury can also evaluate to what extent Detective Nichols's statements induced the Defendant to pursue the contact for purposes of engaging in sexual activity with a fourteen year-old female.

## CONCLUSION

Defendant has failed to show that Detective Nichols' conduct in other cases is relevant or material to his defense in this case. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Discovery (#19) is **denied.**

DATED this 1st day of April, 2014.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge