1

2

3

4

5

6

7            **UNITED STATES DISTRICT COURT**

8                  **DISTRICT OF NEVADA**

9

10   UNITED STATES OF AMERICA,

11          Plaintiff,                          Case No. 2:13-cr-00269-LDG (GWF)

12   v.                                         **ORDER**

13   ENRIQUE IVAN ROCHA,

14          Defendant.

15

16          The defendant, Enrique Ivan Rocha, moves to dismiss the indictment against him for

17   outrageous government conduct (#34).  The government responded (#34).  The Magistrate

18   Judge held a hearing on the matter, and issued a Report and Recommendation that the

19   motion be denied (#39).  The defendant filed objections to the recommendation (#42), and

20   the government has filed a response to the objections (#43).  Having considered all of the

21   briefs, including the defendant's objections, as well as the evidence submitted by the

22   parties, the Court will adopt the Report and Recommendation and deny the motion to

23   dismiss.

24          The Court adopts the Background recited in the Report & Recommendation.

25          The defendant objects to the Magistrate Judge's determination that the defendant

26   had the burden of proving that the government engaged in outrageous conduct.

1   "Dismissing an indictment for outrageous government conduct . . . is 'limited to extreme

2   cases' in which the defendant can demonstrate that the government's conduct 'violates

3   fundamental fairness' and is 'so grossly shocking and so outrageous as to violate the

4   universal sense of justice.'" *United States v. Black*, 733 F.3d 294, 302 (9th Cir. 2013).

5          The defendant objects that the Magistrate Judge failed to address the first *Black*

6   factor regarding the known criminal characteristics of the defendants, and further argues

7   that the second *Black* factor–individualized suspicion–also weighs in his favor.  The

8   defendant also argues that the entire crime was fabricated by Detective Nichols from start

9   to finish, an argument that tracks the third *Black* factor regarding the government's role in

10  creating the crime of conviction.  In *Black* the Ninth Circuit recognized, from previous

11  outrageous government conduct cases, "various factors as relevant to whether the

12  government's conduct was outrageous. . . ."  The court further noted, however, that the six

13  factors it identified did "not constitute a formalistic checklist, but help focus our analysis of

14  the totality of the circumstances."  *Id.*, at 303.  "The first three are most relevant to the way

15  in which the government set up the sting."  *Id.*, at 303 - 304.

16         This matter began when the defendant placed a "casual encounter" ad on Craigslist:

17  "Lookin for any type girl ASAP."  The context of the ad, while not explicitly asserting the

18  defendant was seeking a minor with whom to have a sexual encounter, provided a

19  plausible and reasonable basis for the government to engage in further efforts to determine

20  the defendant's intent in placing the ad.  The government did so by responding in the guise

21  of a 14 year old female.  Rather than terminating all communication, the defendant

22  responded by escalating the sexual nature of the communications and taking steps to

23  ensure that he was communicating with a 14 year old female, rather than an undercover

24  officer.  The government's role in setting up the investigation weighs in favor of the

25  government.

26

1    The fourth and fifth *Black* factors–the government's encouragement to commit the

2  offense conduct; and, the nature of the government's participation–"look to the propriety of

3  the government's ongoing role in the sting." *Id.*, at 304.  The Court agrees with the

4  defendant that the roles of the government and the defendant in the offense conduct are

5  revealed in the series of text message exchanges from May 22, to May 25, 2013.  Having

6  reviewed those exchanges, the Court must agree with the Magistrate Judge that "[t]he text

7  communications do not support" the defendant's interpretation of the exchanges as

8  indicating that the detective pressured the defendant into a meeting, and steered the

9  discussion away from sexual conversation and toward arranging a meeting.  Rather, the

10  text exchanges reveal that the defendant did not reveal any reluctance or resistance to

11  meeting a minor to engage in sexual activities.  While the detective acted in the guise of a

12  14 year old female willing to engage in sexual activities with an older male, and responded

13  accordingly to the defendant's clear communications of the sexual acts he wished to

14  perform with the 14 year old girl, the detective's conduct in doing so does not provide a

15  basis for finding outrageous government conduct.

16    The final *Black* factor looks to "the nature of the crime being pursued and necessity

17  for the actions taken in light of the nature of the criminal enterprise at issue," and "focuses

18  on the justification for the particular law enforcement strategy employed." *Id.,* at 303-304.

19  In objecting to the Magistrate Judge's findings on this factor, the defendant merely

20  reiterates his arguments as to the first five factors, rather than addressing the nature of the

21  crime the justification of the particular law enforcement strategy employed.  In this case,

22  the nature of the crime involves individuals using the internet to induce or coerce minors to

23  engage in sexual activity, and the strategy employed is to respond, in the guise of a minor,

24  to internet communications that are plausibly construed as seeking such sexual activity,

25  and continuing to act in the guise of a minor after the individual indicates a willingness to

26  engage in such activity with a minor.  In light of the nature of the crime, the strategy

3

1  employed by the detective does not provide a basis for finding outrageous government

2  conduct.

3       Accordingly, having considered the defendant's motion, the Report and

4  Recommendation of the Magistrate Judge, and the defendant's objection thereto,

5       THE COURT **ADOPTS** the Report and Recommendation (#39);

6       THE COURT **ORDERS** that Defendant's Motion to Dismiss for Outrageous

7  Government Conduct (#32) is DENIED.

8

9  DATED this __10__ day of December, 2014.

10

11                                              Lloyd D. George
                                                United States District Judge
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

4